In the Matter of AMERICAN CHICLE COMPANY, Petitioner, against STATE TAX COMMISSION, Respondent.

Third Department, July 27, 1960.

*Leo A. Diamond* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Robert W. Bush* of counsel), for respondent.

REYNOLDS, J. This proceeding instituted under section 215 of the Tax Law and article 78 of the Civil Practice Act, seeks review of a final determination of the State Tax Commission, which rejected the application of the petitioner, American

Chicle Co., for refund of corporate franchise taxes imposed under section 210 of article 9-A of the Tax Law for the years 1950 through 1954.

The American Chicle Company is a New Jersey corporation, but has its principal office and its manufacturing plant at Long Island City, N. Y., with only a statutory office in New Jersey. Since 1948, it has had a storage and distribution arrangement with a public warehouse in Florida and since 1954, similar arrangements in New Jersey and Ohio. Although petitioner did not produce the contracts controlling these arrangements, it appears that petitioner paid the warehouse for storage and handling, which included fulfilling orders transmitted to the warehouse and delivering them to carriers designated by petitioner. The persons handling the products at these locations were employees of the warehouses, although some of them worked full time on petitioner's business requirements. The warehouses were occasionally visited by some of petitioner's regular sales force, but generally no orders were filled by the warehouses without prior approval of the New York office, except for certain large volume customers who had advance clearance from petitioner. All instructions for handling, storing, and shipping issue from New York.

The formula for computing franchise taxes on business corporations deriving revenue without the State consists generally of comparing receipts from business transacted within the State to total receipts (Tax Law, § 210, subd. 3, par. [a]). This proceeding is concerned only with a provision excluding from the equation, receipts arising from the sale of tangible personal property located at a permanent or continuous place of business outside the State. The language of the statute is comprehensively inclusive and sweeps into the equation the sales of any tangible personal property wherever located " where the orders were received or accepted within the state ", except of any such property " located at the time of the receipt of or appropriation to the orders at any permanent or continuous place of business maintained by the taxpayer without the state " (subd. 3, par. [a], cl. [2] [B]).

Primarily, the issue here is the correct interpretation of the language used in subdivision 3 (par. [a], cl. [2], sentence [B]). For an attempt at clarity, the significant language may be excerpted as follows:

" [T]he percentage which the receipts * * * arising * * * from

" (A) sales of its tangible personal property located within the state * * * [and from the]

" (B) sales of any such property not located at the time of the receipt of or appropriation to the orders at any permanent or continuous place of business maintained by the taxpayer without the state, where the orders were received or accepted within the state * * *

" (E) * * * bear to the total amount of the taxpayer's receipts."

Petitioner's position is that the language used in section 210 of the Tax Law (subd. 3, par. [a], cl. [2], sentence [B]) means that receipts from orders accepted in New York are excluded, if at the time of the order the merchandise used to fill the order is located at a permanent or continuous place of business outside of the State. It contends that the public warehouse facilities satisfy the requirements of a permanent or continuous place of business. The commission, as evidenced by its regulations, has interpreted the statute to require not only that the merchandise be located at a place of business outside of the State but also that the place be staffed by regular employees of the taxpayer. Public warehouses are specifically excluded.

The issue then is limited to the meaning of the phrase "permanent or continuous place of business maintained by the taxpayer outside New York". Article 413 (2) of the regulations defines it as follows: " A permanent or continuous place of business maintained by the taxpayer outside New York is any *bona fide* office (other than a statutory office), factory, warehouse, or other space outside New York, at which the taxpayer is doing business in its own name in a regular and systematic manner, and which is continuously maintained, occupied and used by the taxpayer in carrying on its business through its regular employees regularly in attendance." (N. Y. Off. Comp. of Codes, Rules & Regulations [5th Supp.], p. 756.)

To dispel any doubts concerning the term "warehouse", the regulation also provides, " property stored in a public warehouse * * * [is] not located at a permanent or continuous place of business maintained by the taxpayer." Example 6 of the regulation illustrates the commission's interpretation:

" Example 6: A taxpayer accepts an order through a salesman or officer working out of its New York office in another state, and fills such order from a stock of goods *kept in a public warehouse outside New York*. The receipt from the sales is allocable to New York." (N. Y. Off. Comp. of Codes, Rules & Regulations [5th Supp.], p. 757; emphasis supplied.)

In our view there is nothing arbitrary or unreasonable about regulations which classify, as here, what shall constitute a

" permanent or continuous place of business ". Petitioner has places of business, which are continuously maintained and used by this taxpayer in carrying on its business through regular employees in attendance, and sales therefrom are excluded from the equation. It knows that under the regulations sales from a public warehouse are not excluded. The courts should not interfere with details which administrative agencies employ in interpreting a broad statutory phrase unless the same are arbitrary and unreasonable.

We find no violations here of the Due Process and Equal Protection Clauses of the State or Federal Constitutions.

The determination should be confirmed, with $50 costs.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Determination confirmed, with $50 costs.